# EXHIBIT A

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2026 Aug 11 8:23 AM
CLERK OF COURT - CIRCUIT

# SUMMONS IN CIVIL ACTION

Docket No. ______________

(●) Lawsuit
( ) Divorce

Ad Damnum $ 30,000,000

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ALEXIS VICENT URDANETA, individually and as surviving adult child and Curator of the Estate of ALEXIS JOSE VICENT, decedent, | VS | CTC PROPERTY LLC, MZX TECH LLC and OMEGA FOUNDATION SERVICES, INC. |

TO: (Name and Address of Defendant (One defendant per summons))

CTC Property LLC
c/o United Agent Group Inc.
5865 Ridgeway Center Pkwy, Ste. 395
Memphis, TN 38120

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Shannon Quintero Plaintiff's attorney, whose address is 446 James Robertson Pkwy, Ste. 10, Nashville, TN 37219 telephone 615-557-1127 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED ______________________ By ______________________, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

______________ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master By: ______________________, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___________day of ___________________________, 20_____at _____________M. a copy of the summons

and a copy of the Complaint to the following Defendant ___________________________________________

at ___________________________________________________________________

_______________________________________ By: ___________________________________

Signature of person accepting service Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant ___________________________________________________

because __________________________is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): ___________________________________________________________

This ____________day of __________________________, 20______.

By: ___________________________________

Sheriff or other authorized person to serve process

**The Shelby County, Tennessee Circuit Court**

**Case Style:** ALEXIS VICENT URDANETA VS CTC PROPERTY LLC

**Case Number:** CT-4034-26

**Type:** SUMMONS ISSD TO MISC

Charria Terry, DC

Electronically signed on 08/11/2026 08:43:34 AM

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2026 Aug 11 8:23 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. ______________

(•) Lawsuit
( ) Divorce

Ad Damnum $ 30,000,000

ALEXIS VICENT URDANETA,
individually and as surviving adult child
and Curator of the Estate of
ALEXIS JOSE VICENT, decedent,

Plaintiff(s)

VS

CTC PROPERTY LLC, MZX TECH LLC and
OMEGA FOUNDATION SERVICES, INC.

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

MZX Tech LLC
c/o United Agent Group Inc.
5865 Ridgeway Center Pkwy, Ste. 395
Memphis, TN 38120

Method of Service:

( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(•) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Shannon Quintero Plaintiff's attorney, whose address is 446 James Robertson Pkwy, Ste. 10, Nashville, TN 37219 telephone 615-557-1127 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED ______________________________ By ______________________________, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

____________________ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master By: ______________________________, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___________ day of ___________________________, 20_____ at _____________ M. a copy of the summons

and a copy of the Complaint to the following Defendant ___________________________________________

at ___________________________________________________________________________

___________________________________ By: ___________________________________

Signature of person accepting service Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant ___________________________________________________________

because ___________________________ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____________________________________________________________________

This _____________ day of ___________________________, 20______.

By: ___________________________________

Sheriff or other authorized person to serve process

**The Shelby County, Tennessee Circuit Court**

**Case Style:** ALEXIS VICENT URDANETA VS CTC PROPERTY LLC

**Case Number:** CT-4034-26

**Type:** SUMMONS ISSD TO MISC

Charria Terry

Charria Terry, DC

Electronically signed on 08/11/2026 08:43:34 AM

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2026 Aug 11 8:23 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. ______________

(●) Lawsuit
( ) Divorce

Ad Damnum $ 30,000,000

ALEXIS VICENT URDANETA, individually and as surviving adult child and Curator of the Estate of ALEXIS JOSE VICENT, decedent,

Plaintiff(s)

VS

CTC PROPERTY LLC, MZX TECH LLC and OMEGA FOUNDATION SERVICES, INC.

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Omega Foundation Services, Inc.
c/o Registered Agent Solutions, Inc.
992 Davidson Drive, Ste. B
Nashville, TN 37205

Method of Service:

( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Shannon Quintero Plaintiff's attorney, whose address is 446 James Robertson Pkwy, Ste. 10, Nashville, TN 37219 telephone 615-557-1127 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED ______________________ By ______________________, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

______________ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master By: ______________________, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ____________day of ______________________________, 20_____at ______________M. a copy of the summons

and a copy of the Complaint to the following Defendant ____________________________________________

at ________________________________________________________________________

______________________________________ By: ______________________________________

Signature of person accepting service Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant ________________________________________________________________

because ______________________________is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): ____________________________________________________________________

This ______________day of ____________________________, 20_______.

By: ______________________________________

Sheriff or other authorized person to serve process

**The Shelby County, Tennessee Circuit Court**

**Case Style:** ALEXIS VICENT URDANETA VS CTC PROPERTY LLC

**Case Number:** CT-4034-26

**Type:** SUMMONS ISSD TO MISC

Charria Terry, DC

Electronically signed on 08/11/2026 08:43:34 AM

ELECTRONICALLY FILED
2026 Aug 11 8:23 AM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE**

| | |
|---|---|
| **ALEXIS VICENT URDANETA, individually and as surviving adult child and Curator of the Estate of ALEXIS JOSE VICENT, decedent,** | |
| **Plaintiff,** | |
| **vs.** | **Docket No.** |
| | **JURY DEMAND** |
| **CTC PROPERTY LLC, MZX TECH LLC and OMEGA FOUNDATION SERVICES, INC.** | |
| **Defendants.** | |

**COMPLAINT**

Plaintiff Alexis Vicent Urdaneta, individually and as surviving adult child, next of kin and Curator of the Estate of Alexis J. Vicent, deceased, on behalf of the Estate and on behalf of all other statutory beneficiaries of the decedent brings this Complaint against Defendants CTC Property LLC, MZX Tech LLC, and Omega Foundation Services (collectively, "Defendants"), and states as follows:

**PARTIES**

1. This is a wrongful death action arising from the fall of Alexis J. Vicent ("Decedent") from an unguarded and unprotected mezzanine walking surface while he was performing work at the Elon Musk/xAI development project, known as "Colossus 2", which

includes a data center and supporting power plant located at or near the address of 5420 Tulane Road, Memphis, Tennessee 38116 (the "Data Center Campus").[1]

2. The Data Center Campus is a massive location utilized for existing business operations and ongoing construction projects with an estimated final construction and equipment investment price tag exceeding $20 Billion (collectively, the "Data Center Project").[2]

3. Decedent's at-issue fall occurred on August 15, 2025 and he later died as a result of his injuries on or about February 26, 2026 in Lake County, Florida.

4. At the time of his death, Decedent was unmarried.

5. Plaintiff ALEXIS VICENT URDANETA is one of Decedent's children and next of kin of Decedent.

6. Plaintiff ALEXIS VICENT URDANETA has standing and authority pursuant to Tenn. Code Ann. §§ 20-5-106, 20-5-107, and 20-5-113, to bring this action for the wrongful death of the Decedent on behalf of Decedent's statutory beneficiaries.

7. Plaintiff ALEXIS VICENT URDANETA has additional standing and authority to bring this action pursuant to those certain Letters Curatorship filed in Polk County Probate Court Docket No. 2026 CP 002471 on or about August 7, 2026, Plaintiff ALEXIS VICENT URDANETA was appointed the Curator of the Estate of the Decedent and granted special

[1] https://www.reuters.com/world/americas/pollution-musks-unpermitted-xai-power-project-hits-hardest-black-communities-2026-07-14/

[2] https://tennesseelookout.com/2026/04/14/in-memphis-investors-benefit-from-ai-boom-while-the-public-bears-its-cost/
https://siliconangle.com/2025/10/06/xai-will-reportedly-spend-18b-nvidia-chips-colossus-2/

authority to initiate this cause of action in the State of Tennessee arising from the personal injuries and death of decedent.

8. Plaintiff ALEXIS VICENT URDANETA brings this action in his representative capacity as the Curator of the Estate of Decedent, with such authority, and individually as a surviving child and next of kin of Decedent, pursuant to Tenn. Code Ann. §§ 20-5-106 and 20-5-107, for the use and benefit of all surviving beneficiaries and next of kin of the Decedent.

9. Defendant CTC Property LLC ("CTC Property") is a Wyoming a limited liability company authorized to conduct business in Tennessee whose principal address is 1450 PAGE MILL RD PALO ALTO, CA 94304 and whose registered agent for service of process is UNITED AGENT GROUP INC. 5865 RIDGEWAY CENTER PKWY, STE 395 MEMPHIS, TN 38120.

10. Defendant MZX Tech LLC ("MZX Tech") is a Wyoming a limited liability company authorized to conduct business in Tennessee whose principal address is 1450 PAGE MILL RD PALO ALTO, CA 94304 and whose registered agent for service of process is UNITED AGENT GROUP INC. 5865 RIDGEWAY CENTER PKWY, STE 395 MEMPHIS, TN 38120.

11. Defendant Omega Foundation Services, Inc. ("Defendant Omega Foundation Services") is a Louisiana corporation authorized to conduct business in Tennessee whose principal address is 120 RUE BEAUREGARD SUITE 200 LAFAYETTE, LA 70508 and whose registered agent for service of process is REGISTERED AGENT SOLUTIONS, INC. 992 DAVIDSON DRIVE, Suite B NASHVILLE, TN 37205.

12. At all relevant times, Defendants CTC Property and MZX Tech owned, controlled, operated and/or managed the entirety of the Data Center Campus.

13. At all relevant times, Defendant Omega Foundation Services, and/or its own agent(s) or employee(s) were responsible for the construction and/or maintenance of the mezzanine walkways and transition area where Decedent fell.

14. Defendants CTC Property, MZX Tech, and Omega Foundation Services are collectively referred to herein as "Defendants."

15. None of the Defendants are a "statutory employer" of Decedent within the meaning of Tenn. Code Ann. § 50-6-113(a).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to Tenn. Code Ann. § 16-10-101, as the amount in controversy exceeds the jurisdictional minimum of this Court.

17. This Court has personal jurisdiction over Defendants because, upon information and belief, each Defendant transacted business in Tennessee, contracted to supply services or things in Tennessee, and/or caused tortious injury in Tennessee arising out of the acts and omissions described herein, satisfying Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, and the requirements of due process.

18. Venue is proper in Shelby County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-101, because the acts and omissions giving rise to this action occurred in Shelby County, Tennessee.

## FACTUAL ALLEGATIONS

19. At all times relevant hereto, Decedent was an electrician employed by non-party Employer Solutions Staffing Group, LLC.

20. On or about August 15, 2025, Decedent was lawfully on the premises of the Data Center Campus in the course and scope of his employment with non-party Employer Solutions Staffing Group, LLC.

21. At all times relevant hereto, it was Decedent's first day working at this location and he was not previously familiar with the area.

22. At approximately 6:34 a.m., Decedent was working on his assigned task, which required him to transition from one mezzanine to another, while approximately 25 – 30 feet off the concrete ground.

23. At all times relevant hereto, the area where Decedent was located was poorly lit.

24. At all times relevant hereto, Decedent was wearing fall protection and exercising reasonable care for his own safety under the given circumstances.

25. The fall protection equipment Decedent wore at the time of his fall included a safety harness, which, when secured to an adequate anchor, protects and stops a workers' fall before impact.

26. Devastatingly, the mezzanine surface and its transition area lacked any requisite "tie-off" to which Decedent could affix his safety harness.

27. Despite the mezzanine surface being an unprotected ledge an estimated 25 – 30 feet above a lower level and requiring anchorage systems and other fall protections, it completely lacked the requisite guardrail systems, safety net systems, lifeline, a functioning personal fall-

arrest anchorage system or adequate warnings in place for employees, including Decedent, using that area.

28. Moreover, due to the lack of adequate lifeline or other fall-arrest anchorage system at the mezzanine area, it was routine for other tradesmen in Decedent's position to devise tie-off locations on-the-fly – such as tying their safety harnesses to nearby scissor lifts or other inadequate anchorage systems.

29. Given the lack of required fall protections available in the area where Decedent worked, he was unable to "tie-off" and secure his safety harness.

30. While transitioning between two elevated mezzanines, Decedent fell approximately 25–30 feet to the concrete floor below, sustaining catastrophic injuries from which he died.

31. TOSHA investigated the incident (Inspection No. 1844715; Optional Report No. 038-2025) and concluded that Decedent was not protected from fall hazards while walking/working on and around the mezzanine area, thereby exposing him to a hazard.

32. The unguarded elevated mezzanine walkway and transition area without the multiple layers of required fall preventions, warnings and poor lighting constituted a dangerous or defective condition.

33. Said dangerous or defective condition was known, or reasonably should have been known, to Defendants, or was created by Defendants either directly or by their agents through the general course of construction activity at the Data Center Campus over which Defendants exercised or had the right to exercise supervisory control, in the reasonable exercise of ordinary care.

34. The Defendants and/or their agents created said dangerous or defective condition that is the proximate cause, direct cause, and cause in fact of Plaintiff's fall, resulting in injuries and death.

35. Defendants and/or their agents knew or should have known that tradesmen such as Decedent would regularly utilize the mezzanine in the manner it was used by Decedent.

36. Defendants and/or their agents knew or reasonably should have known that said area was a dangerous and/or defective condition and yet failed to take reasonable steps to provide safe access to work for tradesmen such as Decedent.

37. Defendants and/or their agents knew or reasonably should have known that injuries and fatalities are reasonably foreseeable when tradesmen regularly utilizing a mezzanine walkway and transition area without the multiple layers of required fall preventions, warnings and poor lighting.

**<u>NEGLIGENCE and NEGLIGENCE *PER SE* (Against All Defendants)</u>**

38. Defendants owed Decedent a duty to exercise reasonable and ordinary care to maintain the premises in a reasonably safe condition, to inspect the premises for dangerous conditions, and to remedy, guard against or warn of dangerous conditions of which they knew or, in the exercise of reasonable care, should have known.

39. Defendants breached this duty in one or more of the following ways:

a. Creating the dangerous condition of an unguarded elevated mezzanine walkway and transition area without the multiple layers of required fall preventions, warnings and poor lighting constituted;

b. Failing to create and/or enforce safety rules and guidelines;

c. Failing to provide a safe premises;

d. Failing to recognize and remediate hazards;

e. hiring, training, maintaining and supervising qualified contractors;

f. Failing to provide timely assistance or ensure other protections were in place;

g. Creating the dangerous condition of multiple contractors working in the same area without providing the ability for tradesmen to safely perform their duties and without consistent commissioning of standards and/or training;

h. Failing to inspect the Data Center Campus for such a dangerous or defective condition;

i. Failing to warn of a known hazard;

j. Failing to provide adequate equipment and competent personnel;

k. Failing to institute precautionary measures to protect individuals present on the premises; and

l. Other acts deemed negligent.

40. As a direct and proximate result of Defendants' negligence, Decedent fell and sustained fatal injuries.

41. 29 *C.F.R.* § 1926.501(b)(1), applicable in Tennessee through the Tennessee Occupational Safety and Health Act, Tenn. Code Ann. § 50-3-101, *et seq*., and the standards adopted thereunder, requires that each employee on a walking/working surface with an unprotected side or edge six feet or more above a lower level be protected from falling by guardrail systems, safety net systems, or personal fall-arrest systems.

42. This standard was enacted to protect a class of persons that includes Decedent – workers on elevated walking/working surfaces at construction sites – from the precise type of harm that occurred here: a fall from an unprotected elevated surface.

43. Defendants each controlled, and/or had a non-delegable or assumed duty to ensure compliance with, applicable fall-protection standards for the shared mezzanine walking/working

surface at the Data Center Campus, each such Defendant's failure to ensure compliance with 29 *C.F.R.* § 1926.501(b)(1) constitutes negligence per se under Tennessee law.

44. As a direct and proximate result of Defendants' negligence *per se*, Decedent fell and sustained fatal injuries.

## PUNITIVE DAMAGES

45. Plaintiff alleges that all acts, conduct, and omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of the Decedent's death and the Plaintiff's damages.

46. Defendants' acts and/or omissions, when viewed objectively from the Defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk, but proceeded with conscious disregard and indifference to the rights, safety and welfare of the Decedent.

47. Plaintiff is entitled to a reward of punitive damages against Defendants for the malicious, intentional and reckless actions of each, as alleged herein, pursuant to § T.C.A. 29-39-104.

## CAUSATION

48. The negligence of Defendants, as set forth above, directly and proximately caused the Decedent's fall, which resulted in disabling injuries and death of Decedent, as well as the damages and losses herein sought.

49. As a direct and proximate result of Defendants' negligence, Decedent suffered conscious pain and suffering, mental anguish, and fear prior to his death, for which his statutory beneficiaries are entitled to recover.

50. That as a direct and proximate result of the negligence of Defendants, Decedent suffered serious, disabling, painful, and permanent bodily injuries, resulting in death, causing him and/or his Estate to become liable for medical and other expenses.

51. As a direct and proximate result and cause in fact of the negligence of Defendants and/or their agents for which they are directly, vicariously, and/or imputably liable Decedent suffered serious, disabling, painful, and permanent bodily injuries resulting in death.

52. Plaintiff brings this action, in part, pursuant to Tenn. Code Ann. §§ 20-5-106, 20-5-107, and 20-5-113, for the wrongful death of Alexis J. Vicent.

53. As a direct and proximate result of Defendants' negligence, Decedent's statutory beneficiaries, including Plaintiff, have suffered and will continue to suffer the pecuniary value of Decedent's life, including his probable future earnings and the value of his services, training, guidance, care, protection, and society, as well as funeral, burial, and related expenses, and medical and other expenses incurred as a result of the injuries preceding death, all recoverable under Tenn. Code Ann. § 20-5-113.

54. Plaintiff seeks all damages recoverable under Tennessee's wrongful death statutes on behalf of himself and all other next of kin of the Decedent, in an amount to be proven at trial.

## INJURIES AND DAMAGES

55. That as a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to damages, including but not limited to, the following specific items of damages:

a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Health care expenses, both past and future;

d. Loss of enjoyment of life;

e. Permanent impairment and partial disability;

f. Loss of earning capacity;

g. Lost wages;

h. Punitive damages;

i. Loss of consortium;

j. All additional damages recoverable under Tenn. Code Ann. § 20-5-113;

k. Costs of this cause; and

l. All other general damages and other relief allowed under the laws of the State of Tennessee to which Plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays:

1. That Plaintiff be permitted to file the foregoing Complaint under the above caption;

2. That all proper process issue and be served upon the Defendants, requiring Defendants to make appearance and answer this Complaint within the time prescribed by law with oath thereto begin expressly waived;

3. For a judgment against the Defendants individually and/or jointly and severally for compensatory damages, in the amount of $10,000,000.00 (or, roughly 0.05% of the Data Center Project investment costs) for the personal injuries, disabilities suffered by Plaintiff, and other damages set forth herein as proximate result of Defendants' negligence;

4. For a money judgment against Defendants individually and/or jointly and severally, for punitive damages in an amount not to exceed $20,000,000.00 (or, roughly 0.1% of the Data Center Project investment costs) for the reckless, malicious, intentional and reckless actions of Defendants;

5. For a trial by jury of six;

6. For cost of this matter to be taxed to the Defendants; and

7. For such other, further, and general relief to which he may be entitled under the law.

Respectfully submitted,

HUGHES & COLEMAN, PLLC

Shannon Quintero, BPR #037417
446 James Robertson Parkway, Suite 100
Nashville, Tennessee 37219
squintero@hughesandcoleman.com
615-557-1127
**ATTORNEY FOR PLAINTIFF**