**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

---

**Alexis Vicent Urdaneta, individually and as surviving adult child and Curator of the Estate of Alexis Jose Vicent, decedent,**

**Plaintiff,**

**vs.**

**CTC Property LLC, MZX Tech LLC, and Omega Foundation Services, Inc.,**

**Defendants.**

**No.: 2:26-cv-03177-SHL-cgc**

***JURY DEMAND***

---

**ANSWER OF DEFENDANT OMEGA FOUNDATION SERVICES, INC. TO THE COMPLAINT OF PLAINTIFF ALEXIS VICENT URDANETA, INDIVIDUALLY AND AS SURVIVING ADULT CHILD AND CURATOR OF THE ESTATE OF ALEXIS JOSE VICENT, DECEDENT**

---

NOW COMES the Defendant, Omega Foundation Services, Inc. (hereinafter referred to as "Defendant"), by and through undersigned counsel, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, files their Answer to the Complaint ("Complaint") of Plaintiff Alexis Vicent Urdaneta, individually and as surviving adult child and Curator of the Estate of Alexis Jose Vicent, decedent (hereinafter referred to as "Plaintiff"), and state as follows:

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim or cause of action upon which relief can be granted against the Defendants, and, in accordance with Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, the Defendant would file this Motion to Dismiss requesting the Court dismiss them from this cause with prejudice, with the costs expended and to be expended taxed to the Plaintiffs.

## SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

2. Defendant would state that allegations set forth in Paragraph 2 state either legal conclusions and/or arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof their rights are affected.

3. Defendant is without sufficient information and/or knowledge to either admit or denies the allegations contained in Paragraph 3 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 3 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 3 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 3 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

4. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore, Defendant denies same.

5. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

6. Defendant would state that allegations set forth in Paragraph 6 state either legal conclusions and/or arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

7. Defendant would state that allegations set forth in Paragraph 7 state either legal conclusions and/or arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof their rights are affected.

8. Defendant would state that allegations set forth in Paragraph 8 state either legal conclusions and/or arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof their rights are affected.

9. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

10. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

11. Regarding the allegations set forth in Paragraph 11 of Plaintiff's Complaint, Defendants admits only that Omega Foundation Services, Inc., was a Louisiana corporation licensed to do business in Tennessee. Regarding the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint, Defendant would state that said allegations state legal conclusions

and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

12. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

13. The allegations set forth in Paragraph 13 of Plaintiff's Complaint are denied.

14. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

15. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

16. The allegations set forth in Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations set forth in Paragraph 17 of Plaintiff's Complaint are denied.

18. The allegations set forth in Paragraph 18 of Plaintiff's Complaint are denied.

19. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. However, upon information and belief, Decedent was employed by non-party Employer Solutions Staffing Group, LLC, which had not administered the appropriate and proper training necessary prior to the incident on or about August 15, 2025.

20. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint, and therefore, Defendant

denies same and demands proof thereof if Defendant's rights are to be affected. However, upon information and belief, Decedent was employed by non-party Employer Solutions Staffing Group, LLC, which had not administered the appropriate and proper training necessary prior to the incident on or about August 15, 2025.

21. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

22. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

23. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would affirmatively state the lighting in the subject area, upon information and belief,

the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

24. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

25. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

26. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

27. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

28. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

29. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant would state the area in which the alleged incident occurred was not under the control of the Defendant, rather upon information and belief, the subject area was under the control of the separate defendants CTC Property LLC and MZX Tech LLC, and/or non-party Darana Hybrid, Inc.

30. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 30 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 30 of Plaintiff's Complaint and demands proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained

in Paragraph 30 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

31. Defendant would state that allegations set forth in Paragraph 31 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

32. Defendant would state that allegations set forth in Paragraph 32 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

33. Defendant would state that allegations set forth in Paragraph 33 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

34. Defendant would state that allegations set forth in Paragraph 34 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

35. Defendant would state that allegations set forth in Paragraph 35 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

36. Defendant would state that allegations set forth in Paragraph 36 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

37. Defendant would state that allegations set forth in Paragraph 37 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

38. Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint and demand proof thereof if their rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 38 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter. Any and all remaining allegations contained in Paragraph 38 of Plaintiff's Complaint are hereby denied.

39. Defendant denies the allegations of Paragraph 39, including subparagraphs (a.) through (l.) of Plaintiff's Complaint and demand proof thereof if their rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 39, including subparagraphs (a.) through (l.) of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter. Any and all remaining allegations contained in Paragraph 39 of Plaintiff's Complaint are hereby denied.

40. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 40

of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 40 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 40 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

41. Defendant would admit only that 29 C.F.R § 1926.501 et. seq. is titled "duty to have fall protection." However, Defendant denies the remaining allegations and legal conclusions contained in Paragraph 41 of the Plaintiff's Complaint and demands proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 41 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 44 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 44 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 44 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

45. Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint and demand proof thereof if their rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 45 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter. Any and all remaining allegations contained in Paragraph 45 of Plaintiff's Complaint are hereby denied.

46. Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint and demands proof thereof if their rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 46 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter. Any and all remaining allegations contained in Paragraph 46 of Plaintiff's Complaint are hereby denied.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 48 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 48 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 48 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

49. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its

rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 49 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 49 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

50. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 50 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the allegations of Paragraph 50 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 50 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

51. Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages, and therefore, Defendant denies same and demand proof thereof its rights are to be affected. Defendant further asserts that the allegations contained in Paragraph 51 of Plaintiff's Complaint regarding Plaintiff's alleged injuries and damages call for expert medical conclusions for which the Plaintiff bears the burden of proof, and therefore, Defendant denies the

allegations of Paragraph 51 of Plaintiff's Complaint and demand proof thereof if its rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 51 of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter.

52. Defendant would state that allegations set forth in Paragraph 52 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

53. Defendant would state that allegations set forth in Paragraph 53 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

54. Defendant would state that allegations set forth in Paragraph 54 state legal conclusions and arguments of counsel for which no response is required, and to the extent a response is required, Defendant denies same and demands proof thereof if their rights are affected.

55. Defendant denies the allegations of Paragraph 55, including subparagraphs (a.) through (l.) of Plaintiff's Complaint and demand proof thereof if their rights are to be affected. Defendant denies any and all allegations, either expressed and/or implied, contained in Paragraph 55, including subparagraphs (a.) through (l.) of Plaintiff's Complaint that Defendant is responsible, negligent, and/or liable in this matter. Any and all remaining allegations contained in Paragraph 55 of Plaintiff's Complaint are hereby denied.

56. In response to Plaintiffs Prayer for Relief section with the unnumbered Paragraph that begins "WHEREFORE," including subparagraphs (1.) through (7.), Defendant denies that they are liable to Plaintiff for the relief requested, and/or any relief or damages of any kind, for the claims and allegations asserted in Plaintiff's Complaint. Moreover, Defendant does not join in or acquiesce to Plaintiff's demand for a jury of six (6).

57. Any and all allegations not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

58. Defendant demands a jury of twelve (12) to try the issues when joined.

**THIRD DEFENSE**

The Defendant affirmatively pleads the defense of modified comparative fault as it exists under the laws of the State of Tennessee and would state the Plaintiff's injuries and/or damages, if any, were the direct and proximate result of the negligence of separate defendants CTC Property LLC and/or MZX Tech LLC, various unknown subcontractors, others, identified and yet unidentified, and/or the Plaintiff. Specifically, Defendant avers the negligence of Plaintiff in failing to adhere to jobsite safety standards and requirements among other acts and/or omissions, caused and/or contributed to the subject incident, injuries, and damages as alleged by Plaintiffs, if any.

Further, while denying the allegations of Plaintiff's Complaint, Defendant affirmatively pleads the defense of comparative fault as it exists under the laws of the State of Tennessee and would state that the Plaintiff's damages, if any, were the direct and proximate result of the negligence of non-party Darana Hybrid, Inc., which, upon information and belief, was the general contractor for the project identified in Paragraph 1 of Plaintiff's Complaint. Darana Hybrid, Inc. is a foreign corporation, with its principal place of business located at 903 Belle

Avenue, Hamilton, Ohio 45015. Darana Hybrid, Inc. is, upon information and belief, licensed to do business in Tennessee, and can be served at 992 Davidson Dr. STE B Nashville, TN, 37205 via its registered agent Cogency Global Inc. Non-party Darana Hybrid, Inc. was negligent in constructing, overseeing, and/or otherwise managing the project identified in Paragraph 1 of the Plaintiff's Complaint. Darana Hybrid, Inc. was further negligent in that it failed to enforce a safety policy, keep the workplace safe and secure, adhere to applicable public safety policies and industry standard practices, and/or caused and/or contributed to the subject incident, injuries, and damages as alleged by Plaintiff, if any and should be included as a potential at-fault party.

Further, while denying the allegations of Plaintiff's Complaint, Defendant affirmatively pleads the defense of comparative fault as it exists under the laws of the State of Tennessee and would state that the Plaintiff's damages, if any, were the direct and proximate result of the negligence non-party Employer Solutions Staffing Group, LLC which, upon information and belief, is the employer of Alexis J. Vicent, deceased as identified in Paragraph 19 of Plaintiff's Complaint. Employer Solutions Staffing Group, LLC is a foreign limited liability company, with its principal place of business located at 7201 Metro Blvd. STE 900, Edina, MN 55439. Employer Solutions Staffing Group, LLC is, upon information and belief, licensed to do business in Tennessee, and can be served at 2908 Poston Ave., Nashville, TN, 37203 via its registered agent Corporation Service Company. Non-party Employer Solutions Staffing Group, LLC, upon information and belief was negligent in that it failed to train and/or supervise its employee, Mr. Alexis J. Vicent and caused and/or contributed to the subject incident, injuries, and damages as alleged by Plaintiff, if any and should be included as a potential at-fault party.

Should the Plaintiff be found to be 50% or greater at fault, Defendant submits that Plaintiff's claims are barred. If the fault of Plaintiffs are found to be less than 50%, Defendants

assert that Defendants' proportion of damages should be reduced by the percentage of fault assigned to others, identified and yet unidentified, separate Defendants CTC Property LLC, MZX Tech LLC, non-parties Darana Hybrid, Inc ("Darana") and Employer Solutions Staffing Group, LLC ("Employer Solutions"), and/or the Plaintiff.

**FOURTH DEFENSE**

Defendant expressly denies any fault or negligence, as alleged in Plaintiff's Complaint, and pleading in the alternative, assert the defense of comparative fault as it currently exists in the State of Tennessee. Further, Defendant avers the actions or inactions of Plaintiff and/or others, including non-parties Darana and Employer Solutions, caused or contributed to the subject incident and injuries as alleged by Plaintiff, if any. Further, these actions or inactions on the part of Plaintiff, non-parties Darana and Employer Solutions, and/or other non-parties constitutes fault that mitigates or bars Plaintiff's claim against the Defendant pursuant to the doctrine of modified comparative fault as recognized by the State of Tennessee.

**FIFTH DEFENSE**

Defendant affirmatively avers that to the extent any injuries and/or damages allegedly suffered by Plaintiff were proximately caused and/or contributed to by parties, persons or entities, including the Plaintiff, non-parties Darana and Employer Solutions, and non-parties, Defendant would not be liable for any such injuries and/or damages.

**SIXTH DEFENSE**

If Plaintiff incurred any damages as a result of the allegations set forth in the Complaint, such damages were proximately caused or contributed to by the negligence of Plaintiff and non-parties Darana and Employer Solutions in failing to exercise the degree of care and caution as required of reasonable persons or entities under the same or similar circumstances.

**SEVENTH DEFENSE**

For further affirmative defense, Defendant avers that the incident as described in the Complaint herein, and the claimed damages, losses and expenses, if any, would have been the direct and proximate result of independent, intervening or superseding acts of persons or entities other than the Defendants and for which the Defendants would not be liable or responsible, specifically including, but not limited to, the acts and/or omissions on the part of Plaintiff, non-parties Darana and Employer Solutions, and/or other non-parties presently not named.

**EIGHTH DEFENSE**

Defendants specifically deny that the Plaintiff sustained injuries, losses and/or damages to the extent that Plaintiffs claim, and further deny that Plaintiffs are entitled to any of the relief requested.

**NINTH DEFENSE**

Defendant affirmatively pleads the Plaintiff's claims should be reduced or denied if Plaintiffs failed to mitigate any alleged damages.

**TENTH DEFENSE**

Defendants aver that if the Plaintiffs are suffering from any illness, condition, injury, or disability, which is specifically denied, any such illness, condition, injury or disability is due to a pre-existing condition or illness and/or arose out of some act, event or occurrence other than the incident alleged in Plaintiff's Complaint, and/or is not the result of any action or inaction on the part of the Defendant.

**ELEVENTH DEFENSE**

Defendant relies upon all defenses available to it pursuant to the Tennessee Civil Justice Act of 2011 including, but not limited to, the Act's cap on the amount economic, noneconomic and punitive damages which may be awarded.

**TWELFTH DEFENSE**

Defendants specifically reserves all defenses, including, but not limited to, those defenses listed in the Federal Rules of Civil Procedure that may become available to them as discovery proceeds in this cause.

**THIRTEENTH DEFENSE**

The facts not having been fully developed, Defendant adopts the following affirmative defenses; accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, injury by a fellow servant, laches, license, payment, release, race judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance of affirmative defense as may be shown by the facts in this case.

**FOURTEENTH DEFENSE**

For further affirmative defense, Defendant avers that the incident described in the Plaintiff's Complaint, and the resulting injuries, damages, and losses, if any, are the result of an unavoidable accident so far as Defendant is concerned because the alleged occurrence transpired in spite of Defendant's exercise of reasonable and ordinary care, therefore, the Defendant would not be liable to Plaintiff in any amount whatsoever.

**FIFTEENTH DEFENSE**

Defendant hereby gives notice to Plaintiff as stated in this Answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of a certain allegation contained in Plaintiff's Complaint or specific knowledge of actions on the part of persons and or entities that may have contributed to the cause of Plaintiff's alleged damages. Until Defendant avails itself of the rights of discovery, it cannot determine whether the above-stated defenses will be asserted at trial. Defendants assert these defenses in their Answer in order to preserve their right to assert same at trial and to give Plaintiffs notice of their intention to assert some or all of these defenses and avoid a waiver of any of these defenses.

**SIXTEENTH DEFENSE**

Defendant invokes and relies upon all applicable provisions of the Tennessee Civil Justice Act of 2011, as clarified in TCA §29-39-101, et. seq., including, but not limited to, all limitations and damages, including punitive damages. Defendant reserves all defenses as to punitive damages both as sought in this case at any time in the future and in general, based upon the Tennessee Civil Justice Act of 2011, and the protections guaranteed by the United States Constitution and the Constitution of the State of Tennessee, including, but not limited to, rights of due process and the right not to be subjected to excessive award. Defendant requests that any hearing regarding punitive damages be bifurcated in the courts with Tennessee law as set forth in Hodges v. S. C. Toof & Company, 833 S.W. 2d 896 (Tenn. 1992) and/or the Tennessee Civil Justice Act of 2011 and/or any applicable Tennessee law requiring any hearing on punitive damages be bifurcated.

**SEVENTEENTH DEFENSE**

Defendant denies that punitive damages may or should be assessed as against them and ordered to the Plaintiffs in this cause under Tennessee law. It is further denied that Defendant can be held liable for punitive damages by law or that they were guilty of any action that would merit the finding of liability, much less punitive damages.

**EIGHTEENTH DEFENSE**

Defendant avers that Plaintiff's claim for punitive damages is barred by the due process clause of the U.S. Constitution and by the due process clause of the Tennessee State Constitution. Additionally, Defendant asserts that they lack adequate notice either of the type of contact that could warrant an award for punitive damages under the law of the state, or the amount of such damages that could be awarded. Defendant would further show that the procedure set forth in the State of Tennessee for awarding punitive damages may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and that this infringes upon the due process and equal protection clauses of the 14th Amendment of the United States Constitution.

**NINETEENTH DEFENSE**

Defendant would further show that no act or omission on its part was intentional, fraudulent, malicious or reckless, which under the standard set forth in the State of Tennessee, must be shown by clear and convincing evidence and, as such, any award of punitive damages under the standard set forth in the State of Tennessee is unwarranted. Defendant further denies that they may be held liable for punitive damages under Tennessee law interpreting liability for punitive damages. As such, said punitive damage claims against Defendant should be dismissed. Alternatively, Defendant requests that any hearing regarding punitive damages be bifurcated in

the courts with Tennessee law as set forth in Hodges v. S. C. Toof & Company, 833 S.W. 2d 896 (Tenn. 1992).

## TWENTIETH DEFENSE

Defendant asserts that any and all damages potentially received by Plaintiff in this case are subject to and limited by the Tennessee Civil Justice Act of 2011.

## TWENTY-FIRST DEFENSE

Defendant invokes and, alternatively, moves the Court to grant them, any and all procedural relief for litigants against whom a claim for punitive damages is made in accordance with Hodges v. SC Toof & Co., 833 S.W.2d, 896 (Tenn. 1992) ("Toof"), including, but not limited to, (1) imposition on Plaintiff of the burden of proving their entitlement to punitive damages by clear and convincing evidence, and (2) a bifurcated trial to first determine liability for punitive damages in accordance with the specific standards enumerated in Toof.

## TWENTY-SECOND DEFENSE

Defendant avers that Plaintiff's claims for punitive damages are governed by all standards of limitations regarding the determination and/or enforceability of punitive damages awards as established in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), as well as any other relevant or applicable statutory or case law.

## TWENTY-THIRD DEFENSE

Defendant reserves its right to amend its Answer to modify any responses they have given to any specific number of Paragraphs and/or to allege any additional defenses made available through investigation or discovery in this case.

**TWENTY-FOURTH DEFENSE**

Defendant reserves the right to amend the answer to the Complaint, including, but not limited to, the ability to assert additional affirmative defenses and/or add potentially responsible parties.

**WHEREFORE**, **PREMISES CONSIDERED,** having fully responded to the Complaint filed against it, Defendant prays that this matter be hence dismissed with all costs taxed to Plaintiff. Failing dismissal, Defendant prays for a hearing on all issues joined by the pleadings, a trial by jury, an award of discretionary costs, and for such further general relief to which it might be entitled in these premises.

This the 18th day of September, 2026.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

/s/Brad M. Jacobs

THOMAS P. CASSIDY, JR., TN 13186
BRAD M. JACOBS, TN 036834
6000 Poplar Avenue, Suite 100
Memphis, Tennessee 38119
**Mailing Address:**
Post Office Box 12519
Columbia, SC 29211
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
brad.jacobs@mgclaw.com

COUNSEL FOR OMEGA FOUNDATION SERVICES

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Daniel Van Horn
Butler Snow, LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
T: 901-680-7200
Danny.vanhorn@butlersnow.com
Attorney for CTC Property LLC and MZX Tech LLC

Shannon Quintero
Hughes & Coleman Injury Lawyers
446 James Robertson Parkway, Suite 100
Nashville, Tennessee 37219
Attorney for Plaintiff

This the 18th day of September, 2026.

/s/Brad M. Jacobs
________________________________
THOMAS P. CASSIDY, JR.
BRAD M. JACOBS