**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

---

**ALEXIS VICENT URDANETA,**
**individually and as surviving adult child**
**and Curator of the Estate of**
**ALEXIS JOSE VICENT, decedent,**

**Plaintiff,**

**v.**

**CTC PROPERTY LLC,**
**MZX TECH LLC,**
**and OMEGA FOUNDATION SERVICES, INC.**

**Civil Action No. 2:26-cv-03177-SHL-cgc**

**JURY DEMANDED**

---

**ANSWER OF DEFENDANTS CTC PROPERTY LLC AND MZX TECH LLC**
**TO PLAINTIFF'S COMPLAINT**

---

Defendants CTC Property LLC ("CTC") and MZX Tech LLC ("MZX") (collectively, "Defendants"), by and through counsel of record, hereby submit their Answer and Affirmative Defenses to Alexis Vicent Urdaneta's ("Plaintiff") Complaint and state as follows:

**PARTIES**

1. To the extent the allegations contained in Paragraph 1 allege that Alexis Jose Vicent (the "Decedent") fell at the Colossus 2 Data Center, it is admitted. The remaining allegations contained in Paragraph 1 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

2. It does not appear that a response to Paragraph 2 is required from Defendants. To the extent these allegations are to adversely affect Defendants' interests, they are denied.

3. To the extent the allegations contained in Paragraph 3 allege that the Decedent fell on August 15, 2025, and later died on February 26, 2026, it is admitted. The remaining allegations

contained in Paragraph 3 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

4. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 4.

5. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 5.

6. Paragraph 6 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

7. Paragraph 7 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

8. Paragraph 8 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted.

11. The allegations contained in Paragraph 11 are not directed to Defendants and, therefore, no response is required from Defendants. To the extent these allegations are to adversely affect Defendants' interests, they are denied.

12. The allegations contained in Paragraph 12 are denied as stated. Specifically, Defendants deny that they controlled, operated, or managed the entirety of the Data Center Campus, including the subject mezzanine or transition area, the construction activities being

performed there, the Decedent's work, or the means, methods, manner, or safety precautions applicable to that work. Defendants further deny that ownership of the property establishes any breach of duty, notice, causation, fault, or liability.

13. The allegations contained in Paragraph 13 are not directed to Defendants and, therefore, no response is required from Defendants. To the extent these allegations are to adversely affect Defendants' interests, they are denied.

14. It does not appear that a response to Paragraph 14 is required from Defendants. To the extent these allegations are to adversely affect Defendants' interests, they are denied.

15. Paragraph 15 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

**JURISDICTION AND VENUE**

16. Paragraph 16 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

17. Defendant MZX admits that it owns property in Tennessee. Defendant CTC admits that it transacted business in Tennessee. The remaining allegations contained in Paragraph 17 call for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

18. Paragraph 18 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these

allegations, they are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

## FACTUAL ALLEGATIONS

19. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 19.

20. Defendants admit that the Decedent was present at the Data Center Campus on or about August 15, 2025. Defendants lack sufficient information and knowledge to either admit or deny the remaining allegations contained in Paragraph 20 and therefore deny the same.

21. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 21 and therefore deny the same.

22. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 22 and therefore deny the same. Defendants further deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied. Defendants specifically deny that the Decedent was exercising reasonable care for his own safety under the circumstances.

25. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 25. To the extent these allegations are to adversely affect Defendants' interests, they are denied. Defendants specifically deny that the allegations contained in Paragraph 25 establish that the Decedent properly selected, inspected, used, or secured any equipment. Defendants further deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. Defendants admit that the Decedent fell and sustained injuries. The remaining allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 refer to a written document, which speaks for itself. Defendants deny any allegations or characterizations inconsistent with the document, and specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

32. The allegations contained in Paragraph 32 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

33. The allegations contained in Paragraph 33 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

**NEGLIGENCE AND NEGLIGENCE *PER SE* (Against All Defendants)**

38. Paragraph 38 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent a response is required, Defendants admit only that they owed such duties, if any, as are imposed by Tennessee law. Defendants specifically deny that they breached any duty owed to the Decedent.

39. The allegations contained in Paragraph 39, including subparagraphs a. through l., are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

40. The allegations contained in Paragraph 40 are denied.

41. Paragraph 41 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

42. It does not appear that a response to Paragraph 42 is required from Defendants. To the extent these allegations are to adversely affect Defendants' interests, they are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

43. Paragraph 43 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent a response is required, Defendants admit only that they owed such duties, if any, as are imposed by Tennessee law. Defendants specifically deny that they breached any duty owed to the Decedent.

44. The allegations contained in Paragraph 44 are denied.

**PUNITIVE DAMAGES**

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

**CAUSATION**

48. The allegations contained in Paragraph 48 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

49. The allegations contained in Paragraph 49 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

50. The allegations contained in Paragraph 50 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

51. The allegations contained in Paragraph 51 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

52. Paragraph 52 calls for a legal conclusion and, therefore, no response is required from Defendants. To the extent Defendants' interests are to be adversely affected by these allegations, they are denied.

53. The allegations contained in Paragraph 53 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

54. The allegations contained in Paragraph 54 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

## INJURIES AND DAMAGES

55. The allegations contained in Paragraph 55 are denied. Defendants specifically deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death, or that they are liable to Plaintiff under any theory of law or recovery.

**PRAYER FOR RELIEF**

56. The allegations contained in the *ad damnum* portion of Plaintiff's Complaint, beginning with "WHEREFORE, . . ." are denied. Defendants specifically deny that any act or omission of Defendants is or was the direct and/or proximate cause of any alleged damages of any kind sustained by Plaintiff. Defendants further deny that Plaintiff is entitled to a judgment against them, and deny that they are liable to Plaintiff under any theory of law or recovery. Defendants demand strict proof of all losses and/or damages claimed.

57. To the extent Defendants failed to admit or deny any averment of fact or wrongdoing directed towards them, Defendants deny the same.

**GENERAL AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendants deny that they breached any duty owed to Plaintiff, committed any negligent act or omission, or caused or contributed to any injury, loss, or damage allegedly sustained by the Decedent.

3. Defendants rely upon the doctrine of modified comparative fault. To the extent demonstrated by the proof, any recovery to which Plaintiff is entitled is barred or reduced by the negligence, fault, acts, or omissions of the Decedent or other at-fault persons under the doctrine of comparative fault. To the extent established through discovery, the Decedent failed to exercise reasonable care for his own safety in one or more of the following respects:

a. Failing to maintain a proper lookout and to observe the walking surface, transition, elevation, edge, route of travel, and surrounding conditions.

b. Failing to remain within a designated or protected access route or work area and stepping or moving beyond a safe walking or working surface.

c. Proceeding at elevation without being properly tied off or otherwise protected, including proceeding when he believed no approved anchorage or safe route was available.

d. Failing to use available personal protective equipment, anchorage, lifeline, guardrail, lift, ladder, platform, or other safe means of access, if any, or failing to request that appropriate protection be provided before proceeding.

e. Failing to stop work, warn others, report the alleged hazard, or obtain correction or authorization before continuing the task.

f. Failing to follow applicable training, instructions, site rules, trade practices, job hazard, or fall protection requirements.

g. Misusing, failing to inspect, or failing to secure his safety harness or other equipment.

h. Otherwise failing to act as a reasonably careful electrician or tradesperson would have acted under the same or similar circumstances.

If the Decedent's fault equals or exceeds fifty (50) percent of the total fault, Plaintiff's recovery is barred. If the Decedent's fault is less than fifty (50) percent, any recovery must be reduced in proportion to his percentage of fault.

4. Plaintiff's claims against Defendants are barred, in whole or in part, because the Decedent's injuries and death were caused by the acts and/or omissions of Darana Hybrid, Inc. ("Darana"), which is not presently a party to this action. Defendants affirmatively allege that Darana's acts and/or omissions in connection with the events giving rise to this action were the sole cause in fact and sole proximate cause of the Decedent's injuries and death. Defendants deny that any act or omission of Defendants caused or contributed to the Decedent's injuries or death.

5. Plaintiff's claims against CTC are barred by the exclusive-remedy provisions of the Tennessee Workers' Compensation Law. CTC contracted with Darana. Darana contracted with Decedent's direct employer. CTC therefore enjoys statutory immunity within the meaning of Tenn. Code Ann. §§ 50-6-113 and/or 50-6-914(a).

6. Plaintiff's claims against CTC, to the extent they are based upon or seek to impose liability by virtue of ownership of the premises where the subject incident allegedly occurred, fail because CTC did not own the subject property at the time of the Decedent's alleged fall. CTC specifically denies any allegation that it held legal or equitable title to the subject premises and denies that any duty or liability may be imposed upon it on the basis that it was the owner of the premises.

7. Plaintiff's claims against Defendant MZX, to the extent they are based upon or dependent upon any alleged contract, agreement, or contractual relationship between MZX and Darana, fail because no contract or agreement existed between MZX and Darana concerning the work at issue in this action. MZX did not retain or engage Darana pursuant to any contract, was not a party to any contract with Darana governing the work being performed by the Decedent, and did not assume any contractual duty to Darana or its employees with respect to the work giving rise to the subject incident. Moreover, MZX did not direct any work at the facility and was not involved in the construction project other than being the owner of the property at issue where the fall occurred. Accordingly, Plaintiff cannot establish any duty, breach, or other basis for liability against MZX arising from an alleged contractual relationship between MZX and Darana.

8. To the extent any condition alleged by Plaintiff existed and was open, obvious, known, or reasonably apparent to the Decedent, the nature and obviousness of that condition are relevant to the existence and scope of any duty owed by Defendants and to the Decedent's comparative fault. Defendants specifically allege that the Decedent failed to exercise reasonable care with respect to any condition that he knew or reasonably should have appreciated.

9. To the extent Plaintiff sustained any losses or damages as alleged in the Complaint, such losses and/or damages were caused by persons or entities over whom Defendants had no

control, or by independent, intervening, or superseding causes over which Defendants had no control.

10. Plaintiff's alleged damages are speculative, remote, excessive, not legally recoverable, and/or not the natural and probable consequence of any act or omission of Defendants.

11. Plaintiff's claims and alleged damages should be reduced or denied to the extent Plaintiff failed to mitigate his alleged damages or failed to exercise reasonable care to avoid or minimize the alleged consequences.

12. Defendants have, at no point relevant to the allegations at issue, acted with malice, wantonness, improper motive, recklessness, fraud, or any other state of mind that would support punitive or exemplary damages. Plaintiff is therefore not entitled to punitive, exemplary, or enhanced damages.

13. Plaintiff's claim for punitive damages is barred because Plaintiff cannot establish by clear and convincing evidence that Defendants acted intentionally, fraudulently, maliciously, or recklessly. Any punitive damages award would be subject to all applicable statutory and constitutional limitations, including Tenn. Code Ann. § 29-39-104 and applicable due-process limitations.

14. To the extent Plaintiff's alleged damages were caused by the negligence and/or acts or omissions of persons or entities other than Defendants, regardless of whether they are parties to this action, Plaintiff's damages must be reduced by the proportion of fault attributable to such third parties. To the extent necessary and supported by the proof, Defendants may be entitled to indemnity, contribution, allocation, credit, or other relief from such third parties.

15. Plaintiff is not entitled to joint and several liability against Defendants except to the extent expressly authorized by Tennessee law. Defendants' liability, if any, is several only and limited to the percentage of fault, if any, attributable to them.

16. Plaintiff's recovery of noneconomic damages, if any, is limited by the Tennessee Civil Justice Act of 2011, codified at Tennessee Code Annotated § 29-39-101, *et seq*.

17. Plaintiff's claims may be barred or reduced by virtue of any settlement, release, satisfaction, payment, credit, or setoff involving third parties or other persons or entities.

18. If Defendants are determined to have been the Decedent's principal contractor, statutory employer, special employer, borrowing employer, or other protected employer under Tennessee Code Annotated §§ 50-6-108 or 50-6-113, Plaintiff's claims against Defendants are barred by workers' compensation exclusivity and immunity.

19. Defendants demand a trial by jury on all issues so triable.

20. Defendants aver that discovery is ongoing and incomplete and, therefore, reserve the right, pursuant to Rule 15 and any Scheduling Order entered in this case, to seek leave to amend their Answer and Affirmative Defenses as may be warranted by further discovery and investigation.

21. All allegations of the Complaint not hereinabove admitted, explained, or denied are here and now specifically, singularly, and categorically denied. Defendants say further that if they were negligent in any respect, which is denied, such negligence was not the proximate cause of the incident, the Decedent's injuries or death, or any loss or damages claimed by Plaintiff.

AND NOW, having fully answered the allegations contained in the Complaint, Defendants respectfully request that this Court dismiss Plaintiff's claims against them with prejudice and grant Defendants all other and further relief to which they may be entitled.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/Daniel W. Van Horn*
Daniel W. Van Horn (No. 18940)
S. Keenan Carter (No. 23386)
Marshall C. McComas (No. 40391)
Austin L. Hord (No. 41157)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
T: (901)680-7200
F: (901)680-7201
danny.vanhorn@butlersnow.com
keenan.carter@butlersnow.com
marshall.mccomas@butlersnow.com
austin.hord@butlersnow.com

*Attorneys for Defendant CTC Property LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, the foregoing document was filed through the ECF system, which caused a copy of the document to be served on all registered participants identified on the Notice of Electronic Filing. Additionally, a true and correct copy of the foregoing has been served *via* email to the following:

Shannon Quintero (No. 37417)
**HUGHES & COLEMAN, PLLC**
446 James Robertson Parkway, Suite 100
Nashville, TN 37219
T: (615)557-1127
squintero@hughesandcoleman.com
*Attorney for Plaintiff*

Tom Cassidy (No. 13186)
Brad Jacobs (No. 36834)
**MGC**
6000 Poplar Avenue, Suite 100
Memphis, TN 38119
T: (901)682-3435
tom.cassidy@mgclaw.com
brad.jacobs@mgclaw.com
*Attorneys for Omega Foundation Services, Inc.*

*/s/Daniel W. Van Horn*
Daniel W. Van Horn